UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
KYLE PRUITT,

        Plaintiff,

  -against-

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
--------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 22-CV-1260-FB

*Appearances:*
*For the Plaintiff:*
HAROLD SKOVRONSKY
1810 Avenue N
Brooklyn, New York 11230

*For the Defendant:*
ANNE M. ZEIGLER
Special Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

    Kyle Pruitt seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB"). Both parties move for judgment on the pleadings. For the following reasons, Pruitt's motion is granted, the Commissioner's motion is denied, and the case is remanded for further proceedings.

**I**

    Pruitt applied for DIB based on injuries to his ankles and shoulders. After

1

his application was denied at the initial and reconsideration levels, Pruitt requested a hearing before an Administrative Law Judge ("ALJ").

After the hearing, the ALJ found that Pruitt had not worked since September 29, 2018, that he had medical impairments that were severe, and that his impairments were not presumptively disabling. Turning to Pruitt's residual functional capacity ("RFC"), the ALJ found that he could perform sedentary work except that he needed a cane to walk and had limitations in his ability to climb, balance, stoop kneel, crouch, and crawl, and in his ability to work at a height or in humid, wet, or cold conditions. Based on the testimony of a vocational expert, she found that Pruitt could not perform his past work as a chef/kitchen supervisor but that he could work as an order clerk, charge account clerk, or telephone quotation clerk. Accordingly, she concluded that Pruitt was not disabled and denied his application.

Pruitt asked the Commissioner's Appeals Council to review the ALJ's decision. The request was denied, making the ALJ's decision the final decision of the Commissioner. Pruitt timely sought judicial review.

## II

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial

evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004). "[S]ubstantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

One governing legal standard involves the burden of proof. "The claimant bears the burden of proving his or her case at steps one through four" of the Commissioner's familiar five-step process for evaluating disability claims. *Butts*, 388 F.3d at 383. "At step five the burden shifts to the Commissioner to show there is other gainful work in the national economy which the claimant could perform." *Id.* (alteration and internal quotation marks omitted). Since the ALJ found Pruitt unable to perform his past work, the question in this case is whether there was sufficient evidence in the record to support her finding that he could perform other work in the national economy.

"[B]ecause a hearing on disability benefits is a nonadversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (alterations and internal quotation marks omitted). This duty exists at all five steps of the evaluation process and even when the claimant is represented by counsel. *See*

3

*Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009).

The duty to develop the record is of particular importance with respect to the claimant's RFC because it is a medical issue requiring expert evidence to support it. Thus, "an ALJ who makes an RFC determination in the absence of supporting expert medical opinion has improperly substituted his own judgment for that of a physician, and has committed legal error." *Hilsdorf v. Comm'r of Social Sec.*, 724 F. Supp. 2d 330, 347 (E.D.N.Y. 2010).

The duty to develop the medical record may include ordering a consultative examination. *See Lobaido v. Saul*, 2020 WL 1550584, at *5 (E.D.N.Y. 2020). While it is true that the decision to order a consultative examination is largely discretionary, *see Janes v. Berryhill*, 710 F. App'x 33, 34 (2d Cir. 2018), that discretion is cabined by the rule that the other medical evidence—such as the opinions of treating sources—must be adequate to support the ALJ's decision. *See Lobaido*, 2020 WL 1550584, at *5 (remanding for consultative examination because "there was no other treating source evidence").

Here, the ALJ's RFC assessment was generally favorable to Pruitt's claim. She found that he was limited to sedentary work and further limited by his need for a cane and other non-exertional and environmental restrictions. Nevertheless, her assessment that Pruitt could perform a limited range of sedentary work rested on an

assumption that he could do the work "on a regular and continuing basis; i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-9P, 1996 WL 374185, at *2 (SSA July 2, 1996).

Although Pruitt's treating sources offered evidence as to the nature and severity of his impairments, they did not opine as to his ability to do work, let alone work on a sustained basis. Two state-agency physician assessed Pruitt's RFC at the initial stage of his application, but those assessments do not support the ALJ's decision because they were far less restrictive. Since there was no other medical evidence supporting the ALJ's RFC assessment, she was required to order a consultative examination.

To be fair, it appears that the ALJ scheduled an examination, but that Pruitt was could not attend because he had moved to Florida. At the beginning of the ALJ hearing, Pruitt's attorney stated that the record was complete and sufficient for an RFC assessment. *See* Administrative Record ("AR") 16-18. However, he argued for a consultative examination in the alternative. *See id*. at 18 ("But if Your Honor feels otherwise and wants him to attend a consultative examination . . . we are completely open to it and/or sending it out to a medical expert to determine what the Claimant's RFC is."). Indeed, the record reflects that Pruitt attempted to arrange an examination in Florida, but that the local office of the Social Security

Administration was unable to coordinate the process for unexplained reasons. Such bureaucratic difficulties cannot outweigh Pruitt's right to have his application decided based on an adequate medical record.

## III

For the foregoing reasons, the Court concludes that the ALJ's RFC assessment was not supported by substantial evidence. Therefore, it grants Pruitt's motion for judgment on the pleadings, denies the Commissioner's motion for judgment on the pleadings, and remands the case for a consultative examination and reevaluation of Pruitt's RFC based on the results of the examination.

**SO ORDERED.**

                                           /S/ Frederic Block
                                           FREDERIC BLOCK
                                           Senior United States District Judge

Brooklyn, New York
May 31, 2023